UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZAMORA, JR., | No. 2:14-cv-2731 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

Plaintiff is housed in the Sacramento County Jail, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4       The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

On December 8, 2014, plaintiff filed an amended complaint as of right.  Fed. R. Civ. P. 15.  Plaintiff names Sheriff Scott Jones, "his deputies" and his "administrative staff," as well as Lynda E. Marlow, as defendants herein.  Plaintiff claims, *inter alia*, that defendant Jones employed Marlow to murder plaintiff, resulting in plaintiff's arrest for domestic violence.  (ECF No. 7 at 1.)  Plaintiff also claims that defendant Jones, his deputies and staff, allegedly employed the Mexican Mafia and the Nuestra Familia to murder plaintiff, apparently by placing a known enemy in plaintiff's cell, resulting in the inmate attempting to stab plaintiff to death with a knife. Plaintiff seeks money damages, the dismissal of pending criminal charges, and the right to receive Marlow's hand in marriage.  (ECF No. 7 at 2.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Thus, plaintiff cannot name broad categories as defendants. Plaintiff must specifically name individuals, and include specific charging allegations as to each individual.

Plaintiff's allegations concerning Marlow's alleged attempt to murder plaintiff stem from the domestic violence charges resulting in plaintiff's arrest. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Because plaintiff's allegations concerning Marlow's alleged attempted murder are intertwined with the facts resulting in plaintiff's arrest, such claims are barred by Heck. Plaintiff should not renew such claims in any second amended complaint.

Moreover, to the extent plaintiff seeks to have pending criminal charges dismissed, such relief is not available through a civil rights action. Challenges to the fact or duration of plaintiff's confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

While not entirely clear, plaintiff may be able to state a cognizable civil rights claim under the Eighth Amendment in connection with his cellmate's alleged attempted murder of plaintiff. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other

1  prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is
2  simply not part of the penalty that criminal offenders pay for their offense against society." Id. at
3  834 (internal citation omitted). However, prison officials do not incur constitutional liability for
4  every injury suffered by a prisoner. Id. A prison official violates the Eighth Amendment "only if
5  he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to
6  take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have
7  a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or
8  safety. Id. at 834. If plaintiff elects to file a second amended complaint, he must allege facts
9  demonstrating how each defendant's actions rose to the level of "deliberate indifference" to his
10 health and safety. In other words, plaintiff must allege that the defendants knew he was at risk of
11 being attacked and explain how each defendant's response to this threat of attack was
12 unreasonable. Plaintiff is cautioned that "prison officials who lacked knowledge of a risk cannot
13 be said to have inflicted punishment." Farmer, 511 U.S. at 844.

14         Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
15 notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency,
16 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity
17 overt acts which each defendant engaged in that support plaintiff's claim. Id. Because plaintiff
18 has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint
19 must be dismissed. In an abundance of caution, however, the court will grant leave to file a
20 second amended complaint.

21         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
23 Goode, 423 U.S. 362, 371 (1976). Also, the second amended complaint must allege in specific
24 terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C.
25 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
26 claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
27 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official
28 participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on the appropriate form used in the agency's administrative appeal process. Therefore, this court ordinarily will review only claims against jail or prison officials within the scope of the problem reported through the administrative appeal process. Plaintiff is further admonished that by signing a second amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of such unexhausted claims.

Finally, any second amended complaint must be filed on the form provided by the Clerk of Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

1        4. Within thirty days from the date of this order, plaintiff shall complete the attached

2  Notice of Amendment and submit the following documents to the court:

3        a. The completed Notice of Amendment; and

4        b. An original and one copy of the Second Amended Complaint.

5  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,

6  the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended

7  complaint must also bear the docket number assigned to this case and must be labeled "Second

8  Amended Complaint." Failure to file a second amended complaint in accordance with this order

9  may result in the dismissal of this action.

10        5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

11  action by a prisoner.

12  Dated: February 26, 2015

14  cw/zamo2731.14

                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZAMORA, JR., | No.  2:14-cv-2731 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SCOTT JONES, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

    _____    Second Amended Complaint

DATED:

                                                     _____

                                                     Plaintiff